Robert D. Phillips, Jr. (SBN 82639)
email: rphillips@reedsmith.com
Thomas A. Evans (SBN 202841)
email: tevans@reedsmith.com
Ashley L. Shively (SBN 264912)
email: ashively@reedsmith.com
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Aspiro AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUSTIN BAKER-RHETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASPIRO AB, a Swedish limited liability company, and KANYE WEST, an individual, together d/b/a TIDAL,<br><br>Defendant. | No.: 4:16-cv-02013-JSW<br><br>**DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>28 U.S.C. § 1404(a); Fed.R.Civ.Proc. 12(b)(6)<br><br>*[Declaration of Lior Tibon; and [Proposed] order filed concurrently]*<br><br>Date:  Friday, August 19, 2016<br>Time: 9:00 a.m.<br>Dept.: Courtroom 5, 2nd Floor<br><br>First Amended Complaint filed May 9, 2016 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PLEASE TAKE NOTICE** that on Friday August 19, 2016 at 9:00 a.m., or as soon thereafter as may be heard in Courtroom 5 – 2nd Floor of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, defendant Aspiro AB ("Defendant") will and hereby does move this Court pursuant to 28 U.S.C. § 1404(a) for an order enforcing the parties' forum-selection clause and transferring this matter to the United States District Court for the Southern District of New York. In the alternative, Defendant will and hereby does move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's claims for relief for failure to state a claim.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the declaration of Lior Tibon filed with this Motion, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

DATED:  June 20, 2016                    REED SMITH LLP


By: _/s/ Ashley Shively_____
                       Ashley L. Shively
                       Attorneys for Defendant
                       Aspiro AB

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# SUMMARY OF ARGUMENT

### *Civil Standing Order #7*

When he signed up for his Tidal music streaming account, Plaintiff Justin Baker-Rhett expressly agreed to general terms of service which included a New York forum-selection clause. Defendant Aspiro AB – the owner of Tidal – now moves to enforce the forum-selection clause.

Where a motion to transfer venue is made pursuant to a forum-selection clause, the "forum-selection clause [is] 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 579 (2013). This is not an exceptional case. In order to complete the signup process, Plaintiff had to manifest his assent to Tidal's general terms of the service. The general terms include an agreement to submit any disputes "involving" the Tidal service to the federal and state Courts of New York. By completing the signup process, Plaintiff acknowledged his assent to the general terms. Plaintiff's claims concerning the alleged promised exclusivity of certain streaming content "involve" the Tidal service and therefore fall within the scope of the forum-selection clause.

Under *Atlantic Marine,* the Court therefore need only look at the public interest factors specified by the Supreme Court when deciding whether to enforce a forum-selection clause. Public interest factors, however, will "rarely defeat" a forum-selection clause and do not here. *Atlantic Marine*, 134 S.Ct. at 582. Plaintiff seeks to represent a nationwide class of Tidal users whose claims will be adjudicated under New York law pursuant to the choice-of-law provision in the general terms. A New York court is perfectly capable of adjudicating those claims. The Court should therefore grant Aspiro's motion and order this action transferred to the Southern District of New York.

In the alternative, Aspiro moves to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6). Plaintiff does not plead fraud as required under the heightened specificity requirements of Rule 9.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Case No. 4:16-cv-02013-JSW

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1
I.     INTRODUCTION ............................................................................................................. 1
II.    BACKGROUND FACTS ................................................................................................. 2
III.   LEGAL STANDARD ....................................................................................................... 4
       A.     Motion to Transfer Venue.................................................................................... 4
       B.     Motion to Dismiss For Failure To State A Claim................................................ 4
IV.    LEGAL ARGUMENT ...................................................................................................... 5
       A.     The Forum-Selection Clause Is Part Of A Valid Agreement Which
              Encompasses Plaintiff's Claims For Relief. ....................................................... 5
              1.     The Parties Entered A Valid Agreement. .................................................. 5
              2.     The Forum-Selection Clause Is Mandatory And Applies To Plaintiff's
                     Claims. ....................................................................................................... 8
       B.     The Forum-Selection Clause Is Reasonable. ...................................................... 9
              1.     The Forum-Selection Clause Is Not The Result Of Fraud or
                     Overreaching.............................................................................................. 10
              2.     The Forum-Selection Clause Does Not Deny Plaintiff An Effective
                     Forum.......................................................................................................... 11
              3.     Enforcing The Forum-Selection Clause Does Not Violate Public
                     Policy.......................................................................................................... 11
       C.     Public Interest Factors Favor Enforcement Of The Parties' Forum-Selection
              Clause................................................................................................................... 12
       D.     In The Alternative, The Court Should Dismiss Plaintiff's Claims For Relief............ 14
V.     CONCLUSION................................................................................................................. 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance Health Grp. v. Bridging Health Options, LLP*,
 553 F.3d 397 (5th Cir. 2008) ...................................................................................................9

*Argueta v. Banco Mexicano, S.A.*,
 87 F.3d 320 (9th Cir. 1996) ...................................................................................................10

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................................................5

*Astiana v. Hain Celestial Grp.*,
 783 F.3d 753 (9th Cir.2015) ...................................................................................................14

*Atlantic Marine Constr. Co., Inc.. v. U.S. Dist. Court for W. Dist. of Texas*,
 134 S.Ct. 568 (2013).......................................................................................................*passim*

*Awadan v. Davison Design & Dev. Inc.*,
 No. 2:12-cv-2011-KJM, 2012 WL 4511398 (E.D. Cal. Sept. 17, 2012) ......................................10

*Bennett v. Hosting.com, Inc.*,
 No. 08-CV-3792-SC, 2008 WL 4951020 (N.D. Cal. Nov. 18, 2008) .........................................11

*Carijano v. Occidental Petroleum Corp.*,
 643 F.3d 1216 (9th Cir. 2011) ................................................................................................13

*Crawford v. Beachbody, LLC*,
 No. 14-CV-1583-GPC-KSC, 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014)..................................6

*Cream v. N. Leasing Sys., Inc.*,
 No. 15-CV-01208-MEJ, 2015 WL 4606463 (N.D. Cal. July 31, 2015) .......................................11

*In re: CytRx Corp. Stockholder Derivative Litig.*,
 No. 14-cv-6414-GHK, 2015 WL 9871275 (C.D. Cal. Oct. 30, 2015) .........................................4

*E. & J. Gallo Winery v. Andina Licores S.A.*,
 440 F.Supp.2d 1115 (E.D. Cal. 2006)........................................................................................12

*In re Facebook Biometric Info. Privacy Litig.*,
 No. 15-CV-03747-JD, 2016 WL 2593853 (N.D. Cal. May 5, 2016) ...........................................6

*Fteja v. Facebook, Inc.*,
 841 F.Supp.2d 829 (S.D.N.Y. 2012)...........................................................................................5

*Joseph v. Amazon.Com, Inc.*,
 No. 12-CV-06256-HRL, 2013 WL 4806462 (N.D. Cal. Sept. 9, 2013)......................................10

*Lucas v. Dep't of Corrections*,
 66 F.3d 245 (9th Cir. 1995) ......................................................................................................5

*M/S Bremen v. Zapata Off–Shore Co.*,
 407 U.S. 1 (1972)..................................................................................................................9, 10

*Mazzola v. Roomster Corp.*,
 No. 10-CV-5954-AHM-JCGX, 2010 WL 4916610 (C.D. Cal. Nov. 30, 2010).....................10, 11

*Meras Engineering, Inc. v. CH2O, Inc.*,
 No. 11-cv-0389, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013)....................................................12

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Monastiero v. appMobi, Inc.*,
No. 13-cv-05711-SI, 2014 WL 1991564 (N.D. Cal. May 15, 2014)........................................14

*Moretti v. Hertz Corp.*,
No. 13-cv-02972-JSW, 2014 WL 1410432 (N.D. Cal. Apr. 11, 2014).........................8, 9, 13, 14

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ...............................................................................................9, 10

*Neitzke v. Williams*,
490 U.S. 319 (1989)....................................................................................................................5

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014) ...........................................................................................6, 7, 8

*O'keeffe's Inc. v. Access Info. Techs. Inc.*,
No. 15-CV-03115-EMC, 2015 WL 6089418 (N.D. Cal. Oct. 16, 2015) .......................................4

*Padnes v. Scios Nova Inc.*,
No. 95-CV-1693, 1996 WL 539711 (N.D. Cal. Sept. 18, 1996) ................................................15

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
741 F.2d 273 (9th Cir. 1984) ....................................................................................................12

*Polar Shipping Ltd. v. Oriental Shipping Corp.*,
680 F.2d 627 (9th Cir. 1982) ......................................................................................................8

*Rasmussen v. Dublin Rarities*,
No. 14-cv-01534, 2015 WL 1133189 (N.D. Cal. Feb. 27, 2015) ..............................................15

*Richards v. Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1998) ..................................................................................................10

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ......................................................................................................5

*Rojas-Lozano v. Google, Inc.*,
No. 15-CV-03751-JSC, 2016 WL 429794 (N.D. Cal. Feb. 3, 2016) ..........................................14

*Sandler v. iStockphoto LP*,
No. 2:15-CV-03659-SVW-JEM, 2016 WL 871626 (C.D. Cal. Feb. 5, 2016) .........................6, 12

*Scherk v. Alberto-Culver Co.*,
417 U.S. 506 (1974)..................................................................................................................10

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) ....................................................................................................15

*Specht v. Netscape Commc'ns Corp.*,
306 F.3d 17 (2d Cir. 2002)..........................................................................................................5

*Starke v. Gilt Groupe, Inc.*,
No. 13–CV–5497, 2014 WL 1652225 (S.D.N.Y. Apr. 24, 2014) .................................................6

*Stephan v. Goldinger*,
325 F.3d 874 (7th Cir. 2003) ....................................................................................................10

*Swift v. Zynga Game Network, Inc.*,
805 F.Supp.2d 904 (N.D. Cal. 2011) ..........................................................................................6

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006) ..................................................................................................13

*United States v. Drew*,
259 F.R.D. 449 (C.D. Cal. 2009) .................................................................................................5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Vess v. Ciba-Geigy Corp U.S.A.*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................................5, 15

*Wald v. Bank of Am. Corp.*,
   856 F. Supp. 2d 545 (E.D.N.Y. 2012) ...............................................................................4

*Zaltz v. JDATE*,
   952 F.Supp.2d 439 (E.D.N.Y. 2013) ..................................................................................6

**Statutes**

28 U.S.C. § 1404(a) .....................................................................................................4, 9, 13

**Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................................................4

Fed. R. Civ. P. 12(b)(6) .....................................................................................................4

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.      INTRODUCTION

3      At the time he signed up for Tidal's music streaming service (which is operated by defendant

4  Aspiro AB ("Aspiro")), Plaintiff Justin Baker-Rhett ("Plaintiff") "expressly agree[d] to submit to the

5  exclusive personal jurisdiction of the state and federal courts sitting in the State of New York,

6  County of New York." Nevertheless, Plaintiff improperly filed this putative class action in

7  California raising claims related to the exclusivity of certain content on the Tidal service.

8  Specifically, Plaintiff alleges that he signed up for Tidal in February 2016 to stream Kanye West's

9  most recent album, *The Life of Pablo*. Plaintiff alleges he signed up for the service based on tweets

10  by Mr. West indicating that the album would never be available through any channel other than

11  Tidal. Plaintiff alleges that he incurred a $9.99 subscription charge — after Tidal provided him with

12  his first month of service for free — based on his belief that the service was the only means by

13  which Mr. West's album would ever be available. Plaintiff used Tidal to stream the album and other

14  music for several weeks until late March 2016, when Mr. West's album became available through

15  other outlets. Based on these allegations, Plaintiff seeks, *inter alia*, restitution of Tidal subscription

16  charges and damages.

17      At the time Plaintiff signed up for Tidal, he acknowledged that he had read and agreed to the

18  General Terms of the service, which included a forum-selection clause providing that any disputes

19  involving the service would be submitted to the exclusive jurisdiction of the Federal or State Courts

20  in New York. Accordingly, Aspiro moves to enforce the forum-selection clause and to transfer this

21  action to the United States District Court for the Southern District of New York.

22      Where the parties agree to a valid forum-selection clause, the U.S. Supreme Court directs

23  that the district court must enforce that clause by transferring the case, except under extraordinary

24  circumstances not present here. The Court should therefore enforce the General Terms, including the

25  forum-selection clause, with which Plaintiff expressly agreed, and grant this Motion transferring this

26  action to the Southern District of New York.

27      To the extent the Court does not enforce the forum-selection clause, the Court should dismiss

28  Plaintiff's claims for relief because he fails to plead fraud with heightened particularity.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II.     BACKGROUND FACTS

Aspiro operates Tidal, a popular online music streaming service. On February 15, 2016, Plaintiff signed-up for a Tidal account. FAC ¶ 51. After selecting a subscription plan, Plaintiff was taken to a simple page that prompted him to enter his email address and create a password. Declaration of Lior Tibon ("Tibon Decl.") ¶ 6. Immediately above the black "CONTINUE" button, the following sentence appeared: "By clicking "Continue" you confirm that you have read and agree to TIDAL's <u>general terms</u> and <u>privacy policy</u>." *Id.*, ¶ 7.



*Id.* Both the General Terms and privacy policy were underlined, and hyperlinked to the full text of the respective documents. *Id.* Upon a consumer clicking the General Terms hyperlink, a separate window opens providing the full text of the "terms and conditions governing the use of the music service TIDAL (the "Service") by the end user ("you")." *Id.* ¶¶ 7-8. Section 19 addressed contractual choice of law and forum:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

2

**LAW AND DISPUTE RESOLUTION:**
The Agreement is governed by the internal substantive laws of the State of New York, without respect to its conflict of laws provisions. If there is any dispute between you and Supplier about or involving the Service, by using the Service, you expressly agree to submit to the exclusive personal jurisdiction of the state and federal courts sitting in the State of New York, County of New York.

3

4

5

6

*Id.*, ¶ 9.[1]

7

Plaintiff was required to click "CONTINUE" in order to complete the sign-up process and

8

open his Tidal account. *Id.*, ¶ 6. And, in fact, Plaintiff did click "CONTINUE," thereby expressly

9

manifesting his assent to the General Terms, and confirming that he had read and understood the

10

Terms to which controlled his Tidal account. *Id.*, ¶ 6. Plaintiff admits he began to stream music on

11

Tidal the same day he signed up. FAC ¶¶ 51-52.

12

Plaintiff enjoyed Tidal for 30 days at no cost. Tibor Decl., ¶ 5. In March 2016 Plaintiff paid

13

the $9.99 monthly subscription cost for his continued use of the service. FAC ¶ 55.  Plaintiff

14

cancelled his Tidal subscription in late March 2016. *Id.*

15

On April 18, 2016, Plaintiff filed this lawsuit in the Northern District of California alleging

16

violations of California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL"),

17

Business and Professions Code sections 17500 and 17200, respectively, and for fraudulent

18

inducement and unjust enrichment.[2] Plaintiff's claims for relief relate to his Tidal account, use of the

19

service, and the allegedly-promised permanent exclusivity of Kanye West's album *The Life of Pablo*

20

through Tidal. Asprio, as the operator of Tidal, now therefore seeks to enforce the General Terms

21

and transfer this action to New York.

22

23

24

25

26

[1] The General Terms define "Supplier" as "Project Panther OpCo LTD and its affiliated entities, including but not limited to Aspiro AB." "The Service" is defined as "the music service TIDAL."  Tibon Decl. ¶ 8.

27

[2] Plaintiff filed a "Corrected First Amended Complaint" on May 9, 2016 which dropped S.

28

Carter Enterprises, LLC and added Aspiro as a defendant. *See generally* Dkt. 6 ("FAC").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### III. LEGAL STANDARD

**A.      Motion to Transfer Venue.**[3]

A forum-selection clause in favor of another district court is enforced by a motion to transfer venue. 28 U.S.C. § 1404(a); *Atlantic Marine Constr. Co., Inc.. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 575 (2013) ("*Atlantic Marine*") ("[Section] 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms" to enforce forum-selection clause). Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "When a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 575. Where a motion to transfer venue is made pursuant to a forum-selection clause, the "forum-selection clause [is] 'given controlling weight in all but the most exceptional cases.'" *Id.* at 579. "A *forum non conveniens* analysis proceeds in two steps. First, [a court] must determine whether the forum-selection clause is valid, and second, [a court] must evaluate the *forum non conveniens* factors as modified by *Atlantic Marine*." *In re: CytRx Corp. Stockholder Derivative Litig.*, No. 14-cv-6414-GHK, 2015 WL 9871275, at *2 (C.D. Cal. Oct. 30, 2015).

**B.      Motion to Dismiss For Failure To State A Claim.**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro., Rule 8(a)(2). A motion to dismiss under Federal Rule of Civil

---

[3] It is unclear at this time whether co-defendant Kanye agrees to the transfer of this action to New York. Regardless of his position, the court may still transfer the entire action. *See, e.g.*, *O'keeffe's Inc. v. Access Info. Techs. Inc.*, No. 15-CV-03115-EMC, 2015 WL 6089418, at *5 (N.D. Cal. Oct. 16, 2015) (enforcing forum-selection clause between plaintiff and one of two defendants, and transferring entire action). "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968)). In the alternative, the district court can sever Plaintiff's claims against Aspiro under Federal Rule of Civil Procedure 21.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to

2  dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

3  that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal

4  quotation marks omitted). Dismissal is warranted where the complaint lacks a cognizable legal

5  theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that

6  theory. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds,*

7  *Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). "Threadbare recitals of the elements of a cause of action,

8  supported by mere conclusory statements, do not suffice." *Id.* Allegations of fraud, moreover, must

9  satisfy the heightened specificity requirement of Rule 9(b). *See, e.g., Vess v. Ciba-Geigy Corp*

10 *U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). When dismissing a complaint, the court need not grant

11 leave to amend if it is clear that the complaint's deficiencies cannot be cured. *Lucas v. Dep't of*

12 *Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

13                    **IV.      LEGAL ARGUMENT**

14 **A.     The Forum-Selection Clause Is Part Of A Valid Agreement Which Encompasses**

15        **Plaintiff's Claims For Relief.**

16   **1.   The Parties Entered A Valid Agreement.**

17        Internet agreements—terms of use for a website or online service—are often referred to as

18 either "clickwrap" or "browsewrap" agreements, although most agreements involve elements of

19 both. "Clickwrap" agreements require users to expressly manifest assent to the terms of service as a

20 condition of proceeding further on the website. *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 22

21 n.4 (2d Cir. 2002) ("presents the user with a message on his or her computer screen, requiring that

22 the user manifest his or her assent to the terms of the license agreement by clicking on an icon. The

23 product cannot be obtained or used unless and until the icon is clicked."); *United States v. Drew,* 259

24 F.R.D. 449, 462 n. 22 (C.D. Cal. 2009) ("clickwrap agreements require a user to affirmatively click a

25 box on the website acknowledging awareness of and agreement to the terms of service before he or

26 she is allowed to proceed with further utilization of the website."); *see also Fteja v. Facebook, Inc.*,

27 841 F.Supp.2d 829, 837–38 (S.D.N.Y. 2012) (describing "pure-form clickwrap agreement" as one in

28 which the mechanism of the website "forces the user to actually examine the terms before

Case No. 4:16-cv-02013-JSW                    – 5 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

assenting."). "Browsewrap" agreements, by contrast, do not require the user to expressly manifest assent to the terms and conditions; it contains a notice, through a hyperlink, posted somewhere on the website, that use of the website constitutes assent to its terms or conditions. *See Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1176 (9th Cir. 2014) ("The defining feature of browsewrap agreements is that the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists.") (citing *Be In, Inc. v. Google Inc.,* No. 12–CV–03373–LHK, 2013 WL 5568706, at *6 (N.D. Cal. Oct. 9, 2013)).

Courts recognize, however, that most internet agreements fall on a spectrum between a pure "clickwrap" on one end, and a pure "browsewrap" on the other. *In re Facebook Biometric Info. Privacy Litig.*, No. 15-CV-03747-JD, 2016 WL 2593853, at *7 (N.D. Cal. May 5, 2016). Although there is no per se rule of validity or invalidity on either end, the closer digital agreements are to the clickwrap end of the spectrum, the more often they will be upheld as valid and enforceable. *Id.* (citing *Nguyen,* 763 F.3d at 1176).

Courts enforce terms of use for a website or online service where assent to the terms "is required through the registration process." *Sandler v. iStockphoto LP*, No. 2:15-CV-03659-SVW-JEM, 2016 WL 871626, at *2 (C.D. Cal. Feb. 5, 2016) (internal citation omitted); *In re Facebook Biometric Info. Privacy Litig.*, 2016 WL 2593853, at *8 ("our Circuit has indicated a tolerance for the single-click 'Sign Up' and assent practice"); *see, e.g., Swift v. Zynga Game Network, Inc.,* 805 F.Supp.2d 904, 911-12 (N.D. Cal. 2011) (arbitration clause enforceable where user clicked button marked "accept" below which was statement indicating that clicking meant accepting hyperlinked "terms of service"); *see also Crawford v. Beachbody, LLC*, No. 14-CV-1583-GPC-KSC, 2014 WL 6606563, at *2-3 (S.D. Cal. Nov. 5, 2014) (terms and conditions with forum-selection clause enforceable where plaintiff presented with disclosure that read: "By clicking Place Order below, you are agreeing that you have read and understand the Beachbody Purchase Terms and Conditions, and Team Beachbody Terms and Conditions" immediately above "PLACE ORDER" button ).[4]

---

[4] *See also Zaltz v. JDATE*, 952 F.Supp.2d 439, 451 (E.D.N.Y. 2013) ("[P]laintiff could not have become a member of JDate.com without first agreeing to the website's Terms of Service, which included the forum selection clause."); *Starke v. Gilt Groupe, Inc.*, No. 13–CV–5497, 2014 WL 1652225, at *2–3 (S.D.N.Y. Apr. 24, 2014) (arbitration clause in "terms of use" binding where

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1     Plaintiff here could not use the Tidal service without registering for an account. As part of

2  the registration process, Plaintiff was required to acknowledge that he agreed to the General Terms

3  of the service. The registration process involved the same prominent notice of the Terms and

4  affirmative assent that has been held effective by other Courts in this district and elsewhere. For this

5  reason, the Court should find that Plaintiff entered into a valid agreement governed by Tidal's

6  General Terms.

7     The Ninth Circuit's decision in *Nguyen* provides a strong comparison to the opposite end of

8  the enforceability spectrum. *See Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171 (9th Cir. 2014). In

9  *Nguyen*, Barnes & Noble sought to compel arbitration contained in its website's terms of use.

10  Plaintiff was not required to indicate his assent to the terms to place an order on the website,

11  although a hyperlink to the terms was located in the bottom corner of every page of the website and

12  the online checkout process. *Id.*, at 1176. The Ninth Circuit found Barnes & Noble's browsewrap

13  agreement insufficient to form a valid contract between the parties and affirmed denial of the motion

14  to compel arbitration. *Id.*, at 1176-77 (holding there was no "evidence in the record that Nguyen had

15  actual notice of the Terms of Use or was required to affirmatively acknowledge the Terms of Use

16  before completing his online purchase").

17     In its order, the Court rejected the suggestion that proximity or conspicuousness of the

18  hyperlinked terms was, alone, enough to give rise to constructive notice of intent to arbitrate. *Id.*, at

19  1178-79 ("consumers cannot be expected to ferret out hyperlinks to terms and conditions to which

20  they have no reason to suspect they will be bound"). Rather, the Court observed that district courts

21  are more amenable to enforcing agreements that include "an explicit textual notice that continued

22  use will act as a manifestation of the user's intent to be bound." *Id.*, at 1177 (citing *Cairo, Inc. v.*

23  *Crossmedia Servs., Inc.*, No. 04–04825, 2005 WL 756610, at \*2, \*4–5 (N.D. Cal. Apr. 1, 2005)). It

24  contrasted Barnes & Noble's pure browsewrap agreement to agreements where the user "was

25  required to affirmatively acknowledge the [General Terms] before proceeding with use of the

26

27  consumer clicked "Shop Now" button next to statement that informed user that "the consumer will
become a Gilt member and agrees to be bound by the "Terms of Membership," which were available

28  next to the button as a hyperlink").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

website." *Id.* As an example, the Court cited to a case evaluating Facebook's sign up process, which involved a nearly identical notice and acknowledgement process as Tidal's here, in which users were given a notice which appeared immediately underneath a "Sign Up" button, stating that "[b]y clicking Sign Up, you are indicating that you have read and agree to the Terms of Service." *Id.* (*citing Fteja*, 841 F.Supp.2d 829) (finding valid and enforceable agreement).

Likewise here, Plaintiff received a prominent notice, with hyperlinks, that he was agreeing to the General Terms by proceeding with the registration process, and clicking "Continue," which he did.  Plaintiff thus assented to the General Terms and the Court should find that a valid agreement binds the parties.

**2. The Forum-Selection Clause Is Mandatory And Applies To Plaintiff's Claims.**

Once the Court establishes that a valid forum-selection clause exists, it must determine if the dispute at issue falls within the scope of the clause. *Moretti v. Hertz Corp.*, No. 13-cv-02972-JSW, 2014 WL 1410432, at *3 (N.D. Cal. Apr. 11, 2014). "[T]he scope ... of a forum selection clause is a matter of contract." *Polar Shipping Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627, 632 (9th Cir. 1982). "Where the plaintiff has agreed to bring suit in a specific forum, presumably in exchange for other promises from the defendant, the plaintiff has already exercised their privilege to select venue." *Atlantic Marine*, 134 S.Ct. at 582.

Here, the General Terms specifically provide that "[i]f there is any dispute between you and [Aspiro] about or involving [Tidal], by using [Tidal], you expressly agree to submit to the <u>exclusive personal jurisdiction</u> of the state and federal courts sitting in the State of New York, County of New York." Tibor Decl. ¶ 9 (emph. added); *Alliance Health Grp. v. Bridging Health Options, LLP*, 553 F.3d 397, 399-400 (5th Cir. 2008) (forum-selection clause mandatory when it required suit to be filed in specific county even though suit could be filed in state or federal court within that county). Plaintiff's allegations demonstrate that this dispute is within the scope of the General Terms forum-selection clause. First, Plaintiff admits he used the Tidal service to stream music. FAC ¶ 52. Second, Plaintiff's four claims for relief plainly are "about or involving" Tidal's service. Plaintiff alleges that he signed up for, and used, Tidal in order to stream Kanye West's new album. *See generally* FAC ¶¶

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

50-56. Through his claims, Plaintiff seeks damages resulting from his purchase of the Tidal service, including but not limited to a refund of his $9.99 subscription fee. *Id.* ¶¶ 86; 101; prayer for relief.

In short, the parties entered into a valid agreement and forum-selection clause, and Plaintiff's claims here fall within the scope of that provision. *Moretti*, 2014 WL 1410432, at *3 (finding claims for false advertising and fraud related to rental cars fell within forum-selection clause governing disputes arising or relating to terms of service). The Court should thus enforce the parties' choice of forum.

**B.      The Forum-Selection Clause Is Reasonable.**

The Supreme Court has held that a forum-selection clause be "given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S.Ct. at 579. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581. A valid forum-selection clause bargained for by the parties, protects their legitimate expectations and further vital interests of the justice system." *Id.*; *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1140 (9th Cir. 2004) (forum-selection clauses are presumptively valid).

A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). The "unreasonableness" exception to enforcement of a forum-selection clause is narrowly construed, however. *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 325 (9th Cir. 1996). A forum-selection clause is "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of "fraud, undue influence or overweening bargaining power"; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court were the clause enforced; and (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *M/S Bremen,* 407 U.S. at 12-18; *Murphy,* 362 F.3d at 1140. In addition, the party challenging a forum-selection clause bears a "heavy burden of showing that its enforcement would be unreasonable, unfair, or unjust" (*M/S Bremen,* 407 U.S. at 15) and "that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a

Case No. 4:16-cv-02013-JSW          – 9 –

1    meaningful day in court." *Argueta,* 87 F.3d at 324 (quoting *Pelleport Investors, Inc. v. Budco*

2    *Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir. 1984)).

3         Plaintiff cannot demonstrate any of these factors here.

4    **1.  The Forum-Selection Clause Is Not The Result Of Fraud or Overreaching.**

5         To establish that Aspiro overreached in obtaining his consent to the forum-selection clause,

6    Plaintiff would have to demonstrate that the clause itself was the product of fraud. *Scherk v. Alberto-*

7    *Culver Co.*, 417 U.S. 506, 519 n.14 (1974); *Mazzola v. Roomster Corp.*, No. 10-CV-5954-AHM-

8    JCGX, 2010 WL 4916610, at *2 (C.D. Cal. Nov. 30, 2010) (to show fraud, "Plaintiff must prove that

9    the forum selection clause itself—not the Agreement as a whole—is the product of fraud or

10   overreaching") (citing *Scherk*, 417 U.S. at 519 n.14); *see also Stephan v. Goldinger*, 325 F.3d 874,

11   879 (7th Cir. 2003) ("Even if [the contract as a whole] were procured by fraud, the venue provision

12   would be valid by analogy to the arbitrability of disputes arising out of contracts procured by fraud

13   when there is no argument that the arbitration provision itself was procured by fraud"). "[S]imply

14   alleging that one was duped into signing the contract is not enough." *Richards v. Lloyd's of London*,

15   135 F.3d 1289, 1297 (9th Cir. 1998). "[T]he pertinent question is . . . whether the forum selection

16   clause itself was procured by fraud." *Awadan v. Davison Design & Dev. Inc.*, No. 2:12-cv-2011-

17   KJM, 2012 WL 4511398, at *5 (E.D. Cal. Sept. 17, 2012) (citing *Argueta*, 87 F.3d at 325); *Joseph v.*

18   *Amazon.Com, Inc.*, No. 12-CV-06256-HRL, 2013 WL 4806462, at *5 (N.D. Cal. Sept. 9, 2013)

19   (citing *Richards*, 135 F.3d at 1297).

20        Plaintiff's allegation that he was induced into signing up for Tidal based on promises of

21   exclusive streaming content does not alter the analysis of the applicability of the forum-selection

22   clause. *Cream v. N. Leasing Sys., Inc.*, No. 15-CV-01208-MEJ, 2015 WL 4606463, at *7 (N.D. Cal.

23   July 31, 2015) ("Court finds that Plaintiffs' concealment and fraudulent inducement arguments fail

24   to make the forum-selection clauses unenforceable."); *see also Mazzola*, 2010 WL 4916610, at *2

25   ("Plaintiff never explains how the forum selection clause itself is the product of fraud or

26   overreaching. Instead, she contends that alleging one fraudulent scheme on the part of Defendants

27   somehow taints everything else related to their business. This is not a sufficient showing"). Plaintiff

28   does not allege that the forum-selection itself is the product of fraud or overreaching. Nor can he

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  make such a showing. The Tidal sign-up page included a notice of and link to the General Terms.

2  Tibor Decl., ¶ 5 & Figure 1. Clicking on that link displayed the General Terms in their entirety,

3  including the forum-selection clause. *Id.*, ¶ 7.

4       Plaintiff also cannot avoid the forum-selection clause by claiming he had no opportunity to

5  negotiate the General Terms. "[N]either a power differential between the parties nor the non-

6  negotiability of the contract is sufficient to set aside the forum selection clause." *Bennett v.*

7  *Hosting.com, Inc.*, No. 08-CV-3792-SC, 2008 WL 4951020, at *2 (N.D. Cal. Nov. 18, 2008) (citing

8  *Murphy*, 362 F.3d at 1141). The fact that a forum-selection clause appears in a form contract,

9  without any opportunity for negotiation, does not render it unenforceable. *See Carnival Cruise Lines,*

10 *Inc.*, 499 U.S. at 593 ("a nonnegotiated forum-selection clause in a form ticket contract [is not

11 unenforceable] simply because it is not the subject of bargaining.").

12      Accordingly, there is nothing about the forum-selection clause which could be considered

13 fraudulent and overreaching or that would render it unenforceable.

14  **2.   The Forum-Selection Clause Does Not Deny Plaintiff An Effective Forum.**

15      Plaintiff cannot demonstrate that the forum-selection clause would deny him an effective

16 forum for his claims. The contractual forum is "the state and federal courts sitting in the State of

17 New York, County of New York." Whatever inconvenience Plaintiff may claim from litigating his

18 case in New York is irrelevant to this inquiry. "When parties agree to a forum-selection clause, they

19 waive the right to challenge the preselected forum as inconvenient or less convenient for themselves

20 or their witnesses, or their pursuit of the litigation. A court accordingly must deem the private-

21 interest factors to weigh entirely in favor of the preselected forum. …[W]hatever 'inconvenience'

22 [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do

23 was clearly foreseeable at the time of contracting." *Atlantic Marine*, 134 S.Ct. at 582.   Enforcement

24 of the forum-selection clause will not deny Plaintiff his day in court. A federal court in New York is

25 fully capable of hearing and adjudicating Plaintiff's case.

26  **3.   Enforcing The Forum-Selection Clause Does Not Violate Public Policy.**

27      Enforcing the New York forum-selection clause in the General Terms does not violate the

28 public policy of California. *Sandler*, 2016 WL 871626, at *2 (finding Canadian forum-selection

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 4:16-cv-02013-JSW                – 11 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  clause did not contravene public policy even where website users signed-up for, and accessed

2  website, outside of Canada: "Plaintiffs chose to use the online service of a company that does

3  business world-wide and is headquartered in Alberta"). To the contrary, in California "strong public

4  policy supports the enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licores*

5  *S.A.*, 440 F.Supp.2d 1115, 1126 (E.D. Cal. 2006); *see also Meras Engineering, Inc. v. CH2O, Inc.*,

6  No. 11-cv-0389, 2013 WL 146341, at *11 (N.D. Cal. Jan. 14, 2013) ("California law, like federal

7  law, generally favors the enforcement of forum selection clauses."). This is because "enforcement of

8  a freely negotiated forum selection clause comports with long-established notions of freedom of

9  contract and allows parties in routine commercial transactions to eliminate the uncertainties of where

10  litigation will take place." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273,

11  280 (9th Cir. 1984). Such is the case here, and the Court should find that the forum-selection clause

12  does not violate California's public policy.

13      Because Plaintiff cannot show that the forum-selection clause is unreasonable under the

14  factors articulated by the Supreme Court, the forum-selection clause should be held valid.

15  **C.    Public Interest Factors Favor Enforcement Of The Parties' Forum-Selection Clause.**

16      A valid forum-selection clause alters the Section 1404 analysis in three ways. *Atlantic*

17  *Marine*, 134 S.Ct. at 581-82. As relevant here, "when a party bound by a forum-selection clause

18  flouts its contractual obligation and files suit in a different forum, a [Section] 1404(a) transfer of

19  venue will not carry with it the original venue's choice-of-law rules — a factor that in some

20  circumstances may affect public-interest considerations." *Id* at 582.[5] The Supreme Court is explicit

21  that public interest factors will "rarely defeat" a forum-selection clause. *Id.* at 582. "Public factors

22  may include 'the administrative difficulties flowing from court congestion; the local interest in

23  having localized controversies decided at home; [and] the interest in having the trial of a diversity

24  case in a forum that is at home with the law.' " *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*,

25  454 U.S. 235, 241 n.6 (1981)).

26

27      [5] *Atlantic Marine* holds that a valid forum-selection clause otherwise alters the analysis:
"First, the plaintiff's choice of forum merits no weight." *Atlantic Marine*, 134 S.Ct. at 582. Second,
when evaluating a Section 1404(a) motion to transfer based on a forum-selection clause, the court

28  should not consider arguments about the parties' private interests. *Id.*

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    There are no plausible public-interest factors here that would preclude transfer to New York.

2  There are no more administrative difficulties flowing from court congestion in the Southern District

3  of New York than in the Northern District of California.

4    Nor is there is no interest in having this controversy decided "at home." "The local interest

5  factor ... determin[es] if the forum in which the lawsuit was filed has its own identifiable interest in

6  the litigation which can justify proceeding in spite of these burdens." *Carijano v. Occidental*

7  *Petroleum Corp.*, 643 F.3d 1216, 1232 (9th Cir. 2011). "[W]ith this interest factor, we [do not] ask

8  ... whether another forum also has an interest." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163,

9  1182 (9th Cir. 2006). When "defendants are not California corporations, California has little interest

10  in keeping the litigation in this state to deter future wrongful conduct." *Moretti*, 2014 WL 1410432,

11  at *5 (quoting *Guimei v. Gen. Elec. Co.*, 172 Cal.App. 4th 689, 703 (2009)) "[T]he local interest

12  factor weighs in favor of a California forum where a California plaintiff is suing a California

13  defendant over conduct that took place in the state." *Carijano*, 643 F.3d at 1233.

14    Plaintiff seeks to represent a nationwide class of Tidal users whose claims will be adjudicated

15  under New York law pursuant to the choice-of-law provision in the General Terms.[6] Plaintiff may

16  have signed up for Tidal while he was a resident of California, but Aspiro is not a California

17  corporation. Nor does Plaintiff allege any conduct by Aspiro took place in California. The Court

18  should therefore conclude that the public-interest factors do not favor California, and do not

19  outweigh the parties' contractual interests in designating New York as the preferred forum for

20  dispute resolution. *Moretti*, 2014 WL 1410432, at *5.

21    For all these reasons, Plaintiff cannot satisfy his "heavy burden to show …'extraordinary

22  circumstances unrelated to the convenience of the parties' that would warrant denial of the *forum*

23  *non conveniens* motion." *Monastiero v. appMobi, Inc.*, No. 13-cv-05711-SI, 2014 WL 1991564, at

24  *4-5 (N.D. Cal. May 15, 2014). The Court should therefore grant Aspiro's motion and order this

25  action transferred to the Southern District of New York.

26

27    [6] Because New York law applies to Plaintiff's, and putative class members', claims, Plaintiff
28  also cannot show any California interest in "having the trial of a diversity case in a forum that is at
home with the law." *Atlantic Marine*, 134 S.Ct. at 581 n.6.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**D.**     **In The Alternative, The Court Should Dismiss Plaintiff's Claims For Relief.**

Should the Court not enforce the forum-selection clause, it should still apply New York law to Plaintiff's claims pursuant to the parties' choice-of-law provision in the General Terms and dismiss Plaintiff's California-statutory claims. Even if the choice-of-law provision is not applied, however, and the Court determines California law applies to Plaintiff's claims, Plaintiff still fails to state a claim for relief against Aspiro.

Plaintiff asserts claims against Aspiro for false advertising; unfair, unlawful or fraudulent business practices; fraudulent inducement; and unjust enrichment,[7] which like all averments of fraud, must satisfy the particularity requirement of the Federal Rules. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Allegations of fraud based on information and belief do not satisfy the heightened particularity requirements of Rule 9(b) " 'unless the complaint sets forth the facts upon which the belief is founded even when the fraud relates to matters peculiarly within the knowledge of the opposing party.' " *Rasmussen v. Dublin Rarities*, No. 14-cv-01534, 2015 WL 1133189, at *15 (N.D. Cal. Feb. 27, 2015). Instead, to satisfy Rule 9(b)'s heightened pleading requirement, a plaintiff must offer the "who, what, when, where and how" in support of the fraud allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Notwithstanding this well-settled pleading requirement, Plaintiff's claims sounding in fraud are not plead with the requisite particularity against Aspiro. Plaintiff alleges that Aspiro (really Tidal) made statements on social media that the Kanye West album was "streaming exclusively on Tidal." *See* FAC, Figure 2. Plaintiff does not allege Aspiro made representations that such exclusivity would be permanent. *See id.* ¶¶ 32-35. Indeed, Plaintiff concedes that the album was in fact exclusive to Tidal for a month and a half. *Id.* ¶ 38. Conclusory allegations of fraud, punctuated

---

[7] In California, unjust enrichment "is not a standalone cause of action," but is instead "synonymous with restitution." *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir.2015) (internal quotation marks omitted). Rather, unjust enrichment "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request." *Id* (internal quotation marks and citation omitted); *Rojas-Lozano v. Google, Inc.*, No. 15-CV-03751-JSC, 2016 WL 429794, at *12 (N.D. Cal. Feb. 3, 2016).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  by a handful of neutral facts, simply are not sufficient to support claims sounding in fraud. *Semegen*

2  *v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Likewise, Plaintiff "cannot plead 'fraud by

3  hindsight,' in which later events are used to support the falsity of earlier statements" — Plaintiff

4  must set forth not only why a given statement was false or misleading, but why it was false or

5  misleading when made, which Plaintiff has not done. *Padnes v. Scios Nova Inc.*, No. 95-CV-1693,

6  1996 WL 539711, at *4 (N.D. Cal. Sept. 18, 1996).

7      Because Plaintiff does not plead fraud with particularity, the Court should dismiss Plaintiff's

8  claims for relief against Aspiro.

9                     **V.**           **<u>CONCLUSION</u>**

10      For the foregoing reasons, Aspiro respectfully requests the Court grant its Motion to transfer

11  this matter to the United States District Court for the Southern District of New York. In the

12  alternative, the Court should dismiss Plaintiff's claims for failure to state a claim.

13

14  DATED:  June 20, 2016

15                              REED SMITH LLP

16

17                         By: *<u>/s/ Ashley Shively</u>*         
                         Ashley L. Shively

18                           Attorneys for Defendant
                         Aspiro AB

19

20

21

22

23

24

25

26

27

28

DEFENDANT ASPIRO AB'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT