

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 25, 2016

**Via ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, New York 10007

**Re:** ***Justin Baker-Rhett v. Aspiro AB and Kanye West d/b/a Tidal***
**(No. 16-cv-05801) (GHW) (AJP)**

Dear Judge Woods:

We represent defendant Aspiro AB ("Aspiro") in the above-referenced action and write, pursuant to Rule 2C of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference regarding Aspiro's anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Corrected First Amended Complaint (the "Complaint") of plaintiff Justin Baker-Rhett ("Plaintiff") as against Aspiro. As discussed below, Plaintiff's allegations against Aspiro are conclusory at best and fail to demonstrate any wrongdoing on its part. We therefore respectfully request that the Court hold a pre-motion conference during the Initial Pretrial Conference currently scheduled for September 9, 2016.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

As Plaintiff alleges, co-defendant Kanye West ("Mr. West") is an "international hip-hop superstar" who, earlier in 2016, released a new musical album titled "The Life of Pablo" (the "Album"). Compl. ¶¶ 4, 28. Defendant Aspiro, which does business under the name "Tidal," offers a popular subscription-based music and video-streaming service. *See id.* ¶¶ 1, 21-23. Plaintiff is a California resident who "is a fan of Defendant Kanye West's music," and subscribed to the Tidal service from February 15, 2016 to approximately April 1, 2016. *See id.* ¶¶ 14, 50-51.

Plaintiff alleges that, in early 2016, Mr. West announced via his Twitter account that the Album would be available exclusively on Tidal. *See id.* ¶ 30. Mr. West further allegedly stated that the Album would not be available on Apple's services and that it would not be for sale. *See id.* ¶ 31, Figure 3. On February 14, 2016, Aspiro allegedly stated via its Tidal Twitter account: "We're bringing @KanyeWest's #TLOP to fans around the globe. It's streaming exclusively on TIDAL.com." *See id.* ¶ 30, Figure 2. Plaintiff does not allege that, as of February 14, 2016, the Album was available for streaming through any outlet other than Tidal's service. Indeed, Plaintiff admits that the Album ***was*** exclusively available for streaming on Tidal for at least "[a] month and a half" after its release. *Id.* ¶¶ 37-38. After that period, Plaintiff alleges that Mr. West announced that the album would also be available through other online outlets on unspecified dates. *Id.* ¶ 39. Plaintiff does not allege that Aspiro controlled the distribution rights for the Album, or that it sold, conveyed or otherwise transferred the streaming rights for the Album to any other services.

Plaintiff claims that Defendants "deceived consumers into believing that [the Album] would only be available through the Tidal streaming service." *Id.* ¶ 41. Plaintiff further alleges that Tidal and Mr. West materially benefited from the "mass influx of new subscribers," including Plaintiff, that signed up for Tidal following the announcements concerning the Album. *See id.* ¶¶ 42, 51. Plaintiff concedes that he received the material benefit of having exclusive access to the Album for the period of approximately February 15, 2016 to April 1, 2016, and that he used Tidal's service during that time. *See id.* ¶¶ 37-38, 52, 55. 56.

On April 18, 2016, Plaintiff commenced this putative class action lawsuit in the United States District Court for the Northern District of California alleging (1) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500); (2) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (3) fraudulent inducement; and (4) unjust enrichment. Plaintiff's claims relate to his Tidal account, use of the service, and his mistaken belief that the Album would remain exclusively available on the Tidal service in perpetuity. On May 9, 2016, Plaintiff filed a "Corrected First Amended Complaint" which removed a former co-defendant and added Aspiro as a defendant. *See* Dkt. 6. On June 20, 2016, Aspiro filed a Motion to Change Venue or, in the Alternative, Motion to Dismiss (Dkt. 18) seeking, among other things, to transfer this action to this Court based upon the Tidal terms and conditions which contained a forum selection clause granting exclusive jurisdiction to New York State and Federal Courts. Plaintiff then stipulated to transfer this action to this Court, which was ordered by the California court on July 18, 2016. *See* Dkt. 24.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST ASPIRO

As the Court is well aware, in order to survive a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and emphasis omitted). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Accordingly, courts must first eliminate "naked assertions," and then ascertain whether the well-pleaded facts, if any, plausibly give rise to an entitlement to relief. *Id*. Furthermore, with respect to Plaintiff's claims sounding in fraud, Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Mere conclusory allegations of fraud are insufficient to meet the particularity requirements of Rule 9(b). *See Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y. 1974), *aff'd*, 508 F.2d 837 (2d Cir. 1974). *See also Yung v. Lee*, 160 Fed. App'x. 37, 42 (2d Cir. 2005) (dismissing fraud complaint for failure to provide specific allegations as to the participation or role of each defendant in the alleged fraud). Plaintiff's Complaint must be dismissed due to his failure to satisfy the threshold pleading standards for any claim as against Aspiro.

### A. Plaintiff Fails to State a Claim under California's Statutory Laws

Plaintiff's claims arising under California Statutory Law – namely, for violations of California's False Advertising and Unfair Competition Laws (Cal. Bus. & Prof. Code § 17500; Cal. Bus. & Prof. Code §§ 17200, *et seq.*) – must be dismissed because Plaintiff's relationship with Aspiro is governed by New York substantive law. As detailed in Aspiro's Motion to Change Venue, Plaintiff's relationship with Aspiro is governed by Tidal's Terms and Conditions, to which Plaintiff agreed upon signing up for the service. *See* Dkt. 18. That agreement provides that it is "is governed by the internal substantive

laws of the State of New York, without respect to its conflict of laws provisions." Plaintiff thus waived the right to assert claims pursuant to California statutory authority with respect to the services provided by Tidal. *Cf. Zerman v. Ball*, 735 F.2d 15, 20 (2d Cir. 1984) (by entering into agreement with New York choice of law provision, plaintiff waived right to assert claims arising out of Florida statutory laws). Accordingly, Plaintiff's California statutory claims must be dismissed.

**B. Plaintiff Fails to State a Claim for Fraudulent Inducement**

Plaintiff's conclusory allegations fail to state a claim for fraudulent inducement. To state a claim for fraudulent inducement, a plaintiff must allege, with particularity, that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance. *Netto v. Rastegar*, No. 12 Civ. 4580 CM, 2012 WL 4336167, at *4 (S.D.N.Y. Sept. 20, 2012). Here, Plaintiff alleges that Aspiro (via Tidal's Twitter account) made statements on social media that the Album was "streaming exclusively on Tidal." *See* Compl., Figure 2. Plaintiff does not allege Aspiro represented that such exclusivity would be permanent. *See id.* ¶¶ 32-35. Regardless, Plaintiff concedes that the Album was in fact exclusive to Tidal for a month and a half—including at the time at which the representation was made. *Id.* ¶ 38. Plaintiff cannot plead "fraud by hindsight," in which later events are used to support the falsity of earlier statements — Plaintiff must set forth not only why a given statement was false or misleading, but why it was false or misleading when made, which Plaintiff has not done. *See Bay Harbour Mgmt. LLC v. Carothers*, 282 F. App'x 71, 75 (2d Cir. 2008) (rejecting fraud claim argument that "defendants should have anticipated future events and made certain disclosures earlier than they actually did."). Thus, Plaintiff's fraudulent inducement claim should be dismissed.

**C. Plaintiff Fails to State a Claim for Unjust Enrichment**

Plaintiff's claim for unjust enrichment must also be dismissed because (1) a valid contract exists between the parties, and (2) any alleged "enrichment" Aspiro received was not unjust. First, it is well established that "the existence of a valid and enforceable written contract . . . ordinarily precludes recovery in quasi contract [such as unjust enrichment] for events arising out of the same subject matter." *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004). When Plaintiff subscribed to Tidal, he entered into a binding agreement that governs all aspects arising out of the service and its content. Accordingly, he is precluded from asserting an unjust enrichment claim. Furthermore, as noted above, the sole representation by Aspiro – that the Album was available exclusively on Tidal, during the time in which no other service was streaming it – was not false, and did not render the "benefits" Tidal allegedly received unjust. Moreover, Plaintiff used and enjoyed the Tidal service throughout the time he was a subscriber, conferring on him substantial benefits in exchange for his subscription, and then cancelled it (as was his right). *See* Compl. ¶¶ 52, 56.

We thank the Court for its attention to this matter.

Respectfully,

/s/ Jordan W. Siev

cc: Counsel for all parties (via ECF)