**Edelson PC**

350 North LaSalle Street, 13th Floor, Chicago, Illinois 60654
t 312.589.6370 | f 312.589.6378 | www.edelson.com

September 2, 2016

*Via ECF*

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, New York 10007

Re:   *Justin Baker-Rhett v. Aspiro AB and Kanye West d/b/a Tidal*,
       No. 16-cv-05801-GHW

Dear Judge Woods:

Pursuant to the Court's July 29, 2016 Order (Dkt. 27) and Individual Rule 2(B), the parties submit the following joint status letter in advance of the Initial Pretrial Conference scheduled for September 9, 2016.

**I.     NATURE OF THE CASE**

Plaintiff Justin Baker-Rhett ("Plaintiff"), on behalf of himself and a class of similarly situated individuals, alleges that Defendant Aspiro AB ("Aspiro") and Defendant Kanye West ("Mr. West") fraudulently induced millions of American consumers into simultaneously paying for a subscription to music-streaming service Tidal and handing over their private personal data by advertising that Mr. West's highly-anticipated new album, *Life of Pablo* (the "Album"), would be available exclusively on Tidal. In reality, Plaintiff alleges, Aspiro and Mr. West never intended the album to be available solely on Tidal, and in fact it was made widely available on multiple platforms shortly after its release.

   **A.     Principal Claims and Defenses**

In light of the facts discussed briefly above, Plaintiff asserts four causes of action: (1) violations of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500); (2) violations of California's Unfair Competition Law, (Cal Bus. & Prof. Code §§ 17200, *et seq.*); (3) fraudulent inducement; and (4) unjust enrichment.

Defendants' defenses to Plaintiff's claims include the following: (1) Plaintiff has failed to state any cause of action against Defendants; (2) Defendants did not make any false representations concerning the Album or its exclusivity at any time; (3) Defendants were not unjustly enriched by Plaintiff's decision to subscribe to and use its service; and (4) the governing Terms and Conditions preclude certain of Plaintiff's claims.

**Edelson PC**

### B. Major Legal and Factual Issues

Relevant legal and factual issues that will need to be decided in this case include (i) whether, under a choice of law analysis, New York or California law governs Plaintiff and the members of the California subclass with respect to their statutory claims, (ii) whether a valid contract existed between the parties, and (iii) whether Defendants misrepresented the exclusivity of Mr. West's album.

## II. SUBJECT MATTER JURISDICTION AND VENUE

### A. Plaintiff's Statement

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from Defendants, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under subsection (d) apply to this action.

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1404(a). This case was transferred to this District on July 21, 2016 from the Northern District of California, Case No. 16-cv-02013, pursuant to stipulation of the parties and based on a relevant forum selection clause. (*See* dkts. 24-25.)

### B. Defendants' Statement

Defendants concur with Plaintiff's Statement regarding subject matter jurisdiction and venue of this action, except denies that Plaintiff or any putative class members suffered any monetary damages as a result of Defendants' alleged actions.

## III. MOTIONS TO BE FILED AND PENDING MOTIONS

### A. Motions to be Filed

Defendant Aspiro AB intends to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and petitioned the Court for a pre-motion hearing regarding said motion. (*See* dkt. 35.) The Court has scheduled the pre-motion hearing during the initial pretrial conference, to be held on September 9, 2016 at 1:00 p.m. Aspiro contends that Plaintiff fails to state a claim under California's False Advertising and Unfair Competition Laws (Cal. Bus. & Prof. Code § 17500; Cal. Bus. & Prof. Code §§ 17200, *et seq.*) "because Plaintiff's relationship with Aspiro is governed by New York substantive law" (dkt. 35 at 2). Aspiro further argues that Plaintiff's fraudulent inducement claim fails because Plaintiff fails to allege that Aspiro made a misrepresentation regarding the exclusivity of Kanye West's *Life of Pablo* album on Tidal. (*Id.* at 3.) Finally, Aspiro argues that Plaintiff's unjust enrichment claim should be dismissed because the parties' relationship was governed by a valid contract. (*Id.*)

**Edelson PC**

Plaintiff intends to oppose Aspiro's planned motion to dismiss on three grounds, addressing each of Aspiro's arguments in turn: (i) despite the New York choice of law provision, choice-of-law principles dictate that California law govern Plaintiff's California statutory claim; (ii) Plaintiff sufficiently alleges that Aspiro misrepresented the exclusive availability of *Life of Pablo* on Tidal; and (iii) Plaintiff is entitled to plead alternate theories of recovery, and as such adequately states a claim for unjust enrichment.

Plaintiff intends to file a motion to withdraw Todd Logan as counsel. Mr. Logan left Edelson PC to pursue a federal clerkship in the Northern District of California. Plaintiff also intends to file a motion to appear *pro hac vice* on behalf of Jay Edelson of Edelson PC.

### B. Pending Motions

There are no motions currently pending before the Court.

## IV. STATUS OF DISCOVERY

The parties have not yet exchanged any discovery. The Parties have agreed to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than September 13, 2016. The parties have also discussed their differing views on discovery regarding the status of Plaintiff's and the class's personal data, and they expect further discussions over the coming days in that respect. Further, given the private nature of the data at issue and confidentiality concerns on behalf of all parties, a protective order will be sought.

Plaintiff anticipates seeking discovery, and introducing evidence at trial, regarding the following non-exhaustive list of topics: (i) information, including internal communications, relating to the marketing and advertising strategies employed by Aspiro and Mr. West to promote the availability of Mr. West's album *The Life of Pablo*; (ii) any agreements or contracts entered into with regards to the availability of *The Life of Pablo* on Tidal; (iii) statistics relating to Tidal subscriber data before, during, and after the release of *The Life of Pablo*; (iv) information relating to the storage, use, search-capabilities, sharing, sale and/or acquisition of Tidal subscriber data obtained by Aspiro; (v) any revenue generated in connection with Tidal subscriber data; and (vi) future plans for Tidal subscriber data.

Defendants anticipate seeking discovery, and introducing evidence at trial, regarding the following non-exhaustive list of topics: (1) Plaintiff's use of the Tidal service; (2) Plaintiff's use of other streaming music services; (3) Plaintiff's social media accounts; and (4) Plaintiff's allegations in the Complaint.  Defendants also anticipate seeking discovery concerning the class Plaintiff seeks to certify in this action.

## V. COMPUTATION OF DAMAGES

Plaintiff alleges that he was charged a fee of $9.99 in connection with the monthly subscription to Tidal. Plaintiff seeks to recover on behalf of himself and a class of similarly situated individuals all monies paid for that subscription—or at least a portion thereof in an

amount equal to the difference between the amounts paid and the actual, diminished value of the subscription—and punitive damages where applicable, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and the injunctive and/or declaratory relief necessary to ensure that Defendants do not compromise or retain Plaintiff's and the class's personal data.

VI.     **STATUS OF SETTLEMENT DISCUSSIONS**

The parties have preliminarily discussed the potential for early resolution of this matter and are open to the possibility of further settlement discussions in the future. To that end, Plaintiff has committed to providing Defendants a written explanation of his views as to the form a potential resolution of this matter would take. At this time, the Parties do not believe a settlement conference is necessary or appropriate.

VII.    **OTHER RELEVANT INFORMATION**

At this time, the Parties are not aware of any additional information that needs to be brought to the Court's attention.

Respectfully submitted,

/s/ J. Dominick Larry

Fred D. Weinstein
fweinstein@kelaw.com
KURZMAN EIZENBERG CORBIN & LEVER, LLP
One North Broadway
White Plains, NY 10601
Tel: 914.285.9800
Fax: 914.285.9855

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
Benjamin H. Richman (admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (*pro hac vice* pending)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

/s/ Jordan W. Siev

Jordan W. Siev
jsiev@reedsmith.com
Casey D. Laffey
claffey@reedsmith.com
Pamela Lauren Schoenberg
pschoenberg@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212.549.0389
Fax: 212.521.5450

Robert D. Phillips, Jr.
rphillips@reedsmith.com
Thomas A. Evans
tevans@reedsmith.com
Ashley L. Shively
ashively@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Franscisco, California 94105
Tel: 415.543.8700
Fax: 415.391.8269

**Edelson PC**

*Attorneys for Defendant Aspiro AB*

/s/ Kenneth K. Lee

Andrew H. Bart
abart@jenner.com
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Tel: 212.891.1645
Fax: 212.891.1699

Kenneth K. Lee
klee@jenner.com
Christina Avedissian (*pro hac vice* to be filed)
cavedissian@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3500
Los Angeles, California 90071
Tel: 213.239.5152
Fax: 213.239.5162

*Attorneys for Defendant Kanye West*

cc:   Counsel for all Parties (via ECF)