**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JUSTIN BAKER-RHETT, individually and on behalf of all others similarly situated,

        *Plaintiff*,

    v.

ASPIRO AB, a Swedish limited liability company, and KANYE WEST, an individual, together d/b/a/ TIDAL,

        *Defendants*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/09/2016

Case No. 1:16-cv-05801-GHW

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

GREGORY H. WOODS, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ____ / do not consent __**x**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have __**x**__ / have not ____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution / Settlement

    a. Settlement discussions [have ____ / have not __**x**__] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    **No settlement-related exchanges of information at this time.**

    c. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute mechanism for this case:

1

**Should settlement discussions progress such that alternative dispute resolution is needed, counsel for the parties propose retention of a private mediator as an alternate dispute resolution mechanism for this case.**

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**Counsel for the parties recommend retention of a private mediator after the Court makes a decision on class certification.**

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.    Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of Court. Any motion to amend or join additional parties shall be filed within **150 days (i.e., 30 days following the close of the class discovery deadline proposed in paragraph 6(a))** from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **September 13, 2016**. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6.    Fact Discovery

    a.    All **class** discovery shall be completed no later than **December 28, 2016**. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexions or other exceptional circumstances.*] **Plaintiff's motion for class certification shall be filed no later than January 30, 2017.**

        The parties are directed to comply with Rule 2(C) of the Court's Individual Rules of Practice in Civil Cases and submit a pre-motion conference request letter if they wish to move to certify a class.

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **September 16, 2016**.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **November 28, 2016**.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **December 28, 2016**.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **November 28, 2016**.

  f.  Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

  a.  Anticipated types of experts, if any:

**The parties do not anticipate a need for experts regarding class-based discovery on a motion for class certification. The parties may require experts during merits-based discovery for certain damages issues.**

  b.  All expert discovery shall be completed no later than **45 days from the completion of merits-based discovery**. [*Absent exceptional circumstances, a date 45 days from the date in paragraph 6(a) (e.g., the completion of all fact discovery). <u>Omit</u> unless types of experts are identified.*]

  c.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **the completion of all merits-based discovery**. [*Absent exceptional circumstances, the date in paragraph 6(a) (e.g., the completion of all fact discovery).*] Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **14 days following the completion of all merits-based discovery**. [*Insert date; typically two weeks following preceding date.*]

  d.  No expert testimony (whether designed as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 7(b).

8. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

9. Motions for summary judgment, if any, shall be filed no later than **30 days after the close of merits-based fact discovery**. [*Absent exceptional circumstances, 30 days after discovery closes.*] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

10. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

11. This case [is __**x**__ / is not ____] to be tried to a jury.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **five (5) days**.

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   **N/A**

Counsel for the Parties:

/s/ J. Dominick Larry

Fred D. Weinstein
fweinstein@kelaw.com
KURZMAN EIZENBERG CORBIN & LEVER, LLP
One North Broadway
White Plains, NY 10601
Tel: 914.285.9800
Fax: 914.285.9855

Jay Edelson (*pro hac vice* to be sought)
jedelson@edelson.com
Benjamin H. Richman (admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (*pro hac vice* pending)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Putative Class*

/s/ Jordan W. Siev

Jordan W. Siev
jsiev@reedsmith.com
Casey D. Laffey
claffey@reedsmith.com
Pamela Lauren Schoenberg
pschoenberg@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212.549.0389
Fax: 212.521.5450

Robert D. Phillips, Jr.
rphillips@reedsmith.com
Thomas A. Evans
tevans@reedsmith.com
Ashley L. Shively
ashively@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Franscisco, California 94105
Tel: 415.543.8700
Fax: 415.391.8269

*Attorneys for Defendant Aspiro AB*

/s/ Kenneth K. Lee

Andrew H. Bart
abart@jenner.com
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Tel: 212.891.1645
Fax: 212.891.1699

Kenneth K. Lee
klee@jenner.com
Christina Avedissian (*pro hac vice* to be filed)
cavedissian@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3500
Los Angeles, California 90071
Tel: 213.239.5152
Fax: 213.239.5162

*Attorneys for Defendant Kanye West*


[*TO BE COMPLETED BY THE COURT:*]

The Court will hold a status conference on ____January 6, 2017 at 4:30 p.m.____. A joint letter updating the Court on the status of the case shall be filed on ECF by __December 30, 2016__. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;
(2) a brief description of any outstanding motions;
(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;
(4) the status of settlement discussions;
(5) the anticipated length of trial and whether the case is to be tried to a jury;
(6) whether the parties anticipate filing motions for summary judgment; and
(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: September 9, 2016
New York, New York

5

_____
GREGORY H. WOODS
United States District Judge